# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. PERROTTE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WARDEN W. J. SULLIVAN,<br><br>　　　　Respondent. | 1:08-cv-01804-AWI-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS (Doc. 12)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 25, 2008, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1).

Petitioner challenges the placement of a Form CDCR-128B, known as a "counseling chrono," in his prison file without providing an administrative hearing, thus violating Petitioner's right to due process and impacting his chances to be granted parole. (Doc. 1, p. 7). On June 22, 2009, Respondent filed the instant motion to dismiss, contending that because the claim does not challenge the legality or duration of his confinement, the Court lacks habeas jurisdiction. (Doc. 12, p. 3). Respondent also argues that because Petitioner does not have a liberty interest in the documents contained in his prison file, the petition fails to state a claim upon which habeas corpus relief can be granted. (Id. at p. 4). On July 7, 2009, Petitioner filed his opposition. (Doc. 13).

1

For the reasons discussed below, the Court agrees with Respondent that the instant petition fails to meet the threshold requirement for bringing a habeas petition and therefore the petition should be dismissed.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition for failure to state a cognizable federal habeas claim. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a claimed failure to state a federal habeas claim. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and because Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B. The Court Lacks Habeas Jurisdiction.

The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; A federal

court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner challenges the placement in Petitioner's prison file of a chronological report ("chrono"), written by Correctional Officer Mary Anne Kinsella and submitted on a CDCR Form 128-B, that Petitioner claims adversely affected him at a hearing before the Board of Parole Hearings ("the Board"). The chrono in question states that Kinsella, who had observed Petitioner in his job working for the X-Ray Technician, staying "past his work hours, until late approximately 1600 hours on a daily basis," and that she was "concerned for the safety of the female staff" because, in Kinsella's opinion, Petitioner was a "staff manipulator." (Doc. 1, p. 28). Kinsella went on to opine that, "[b]ased on my experience as a Correctional Officer, it is the opinion of this writer that [Petitioner] is an opportunist and is just buying time on when he will make a move against female medical staff. [Petitioner] should be removed from the position in the clinic to another position where he does not have close direct contact with female staff." (Id.).

Petitioner alleges that he subsequently told the medical clinic supervisor, Sergeant Robinson, about the chrono, that Robinson was "extremely upset" and "furious" at Kinsella, and that he told Petitioner that Kinsella was "using her 'sex' to cause [Petitioner] harm." (Doc. 1, p. 9). Thereafter, the matter was reviewed by the Unit Classification Committee ("UCC"). (Id., p. 10). The members of the UCC indicated that they "disbelieved the allegations" by Kinsella, retained Petitioner in his job assisting the X-Ray Technician, but refused to allow Petitioner to challenge the placement of the document in his file by calling witnesses or presenting evidence.

3

(Id.).

Petitioner has also included in his petition excerpts purportedly from a subsequent parole hearing, in which the entire content of Kinsella's chrono was read into the record. Thereafter, the Board gave Petitioner an opportunity to respond to the chrono. (Doc. 1, p. 31). Petitioner argued that Kinsella did not "want a lifer working in the medical clinic." (Id. at p. 32). Petitioner also noted that Kinsella's direct supervisor, who had hired Petitioner in the clinic, indicated that, "after a full review of [Petitioner's] central file and after a full conversation with the staff..., the decision was made to retain [Petitioner] in that position." (Id.). Petitioner explained to the Board that, during his administrative appeal of the chrono, he was specifically told by another correctional counselor that at his parole hearing the "Board should take notice that the committee action to retain [Petitioner] in position should speak regarding the credibility of that chrono." (Id.).

When Petitioner raised this issue in the Superior Court of the County of Riverside in a petition for writ of habeas corpus, the Superior Court denied his petition, noting as follows:

> "Obviously, the letter authored by [Correctional Officer] Kinsella is harsh and opinionated. It is up to the BPH as to what relevance the letter has! I have no reason to think that the BPH didn't see the letter for what it was and gave what weight–if any–to it."

(Doc. 1, p. 35). Subsequently, both the California Court of Appeal, Fourth Appellate District, and the California Supreme Court denied Petitioner's petitions for writs of habeas corpus by summary denial. (Id., pp. 37-38).

In California, minor misconduct may be addressed by verbal counseling without a written report of the misconduct or counseling. Cal. Code Regs., title 15, § 3312(a)(1). When similar minor misconduct recurs after verbal counseling, or if documentation of minor misconduct is needed, a description of the misconduct and counseling provided shall be documented on a CDCR Form 128-A ("Counseling chrono"). Cal. Code Regs., title 15, § 3312(a)(2). When a prison inmate is charged with a serious rules violation that is believed to be a violation of law, he is served with a CDCR 115 citation ("Rules Violation Report"). Cal. Code Regs., title 15, § 3312(a)(3); In re Johnson, 176 Cal.App.4th 290, 294 (Cal.App. 2009). CDC 115 citations are

4

either "administrative," resulting in a loss of various prison privileges and assignment of extra duty but no credit loss, or "serious," resulting, inter alia, in loss of credits of up to 360 days. Cal. Code Regs., title 15, § 3313(a); §§ 3314(e); 3315(f)(3); 3323(b)-(h).

In contrast to the foregoing, a CDCR Form 128-B ("General Chrono") "shall be used by staff when the subject matter to be reported involves matters of classification, parole, or social service." Department Operations Manual ("DOM"), California Department of Corrections and Rehabilitation, Chapter 7, § 72010.7.2, p. 582 (updated Jan. 1, 2009). The DOM specifies that a General Chrono may be used by counselors and chaplains when making reports on the religious activity or outsides contacts of inmates, including the number of contacts and evidence of insight or changed attitude by the inmate; by housing officers to report such information as the inmate's relationship with fellow inmates, behavior, personal cleanliness, general attitude and personality; and by prison staff when other forms are inapplicable. Id.[1] Thus, a Form 128-B may be favorable as well as unfavorable, and need not involve any infraction, misconduct, or wrongdoing by the inmate. Id.; Johnson, 176 Cal.App.4th at 294. Indeed, as indicated by Petitioner's own allegations, in addition to Kinsella's General Chrono, the Board also considered various favorable General Chronos as well.

Petitioner does not allege that he suffered any direct or indirect loss of credits from the chrono that affected the length of his sentence. Rather, Petitioner contends that Kinsella's improperly filed chrono influenced the Board's decision, effectively "extinguishing" Petitioner's chance for parole. (Doc. 1, p. 10).

Petitioner's subjective speculation about the effect, if any, of Kinsella's chrono on the Board's decision notwithstanding, the Court lacks habeas jurisdiction. As Respondent correctly notes in the motion to dismiss, the Ninth Circuit has held that "habeas jurisdiction is absent...where a successful challenge to a prison condition will not necessarily shorten the

---

[1] In the disciplinary context, Form 128-B's may be used to reflect updates to a prisoner's disciplinary results, e.g., when a guilty finding has been reversed. Id., Chapter 5, § 52080.15, p. 379. In that context, the DOM cautions that "[c]are shall be exercised in the wording and phrasing of comments on the CDC Form 128-B reports to avoid innuendos and implications that would lead a reader to believe that the inmate is in fact guilty of the charge without regard for the determination arrived at in the disciplinary hearing, in a court's finding, or in the reason for an ordered action on appeal." Id.

5

prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). Here, no one contends that Petitioner suffered a loss of credits as a result of Kinsella's chrono at any time.

The jurisdictional issue here is often framed as a variant of the "in custody" requirement. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from person who are 'in custody' in violation of the Constitution or laws or trieties of the United States." Maleng v. Cook, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925 (1989)(quoting 28 U.S.C. § 2241(c)(3)); Zichko v. Idaho, 247 F.3d 1015, 1019 (9th Cir. 2001). The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-491, 109 S.Ct. at 1925. This is because the writ of habeas corpus functions primarily to secure immediate release from illegal physical custody. Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833 (1973).

Although Petitioner is "in custody" as a result of his underlying conviction, here Petitioner does not challenge either that conviction or his sentence. Rather, his challenge is to the placement of Kinsella's 128-B chrono in his prison file, an act which did not result in the loss of any credits and thus had no impact on Petitioner's overall sentence. As the Ninth Circuit observed, "habeas jurisdiction is absent where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez, 334 F.3d at 839. Habeas jurisdiction is appropriate for attacking disciplinary findings as long as an expungement of the disciplinary finding is "likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.3d 1267, 1269 (9th Cir. 1989). Although a degree of speculation may be required for a court to determine whether a disciplinary finding will significantly detract from one's parole eligibility, no speculation is required in this case since the challenged general chrono authored by Kinsella was not disciplinary in nature but informational. See Reed v. Castro, 210 Fed. Appx. 633, 634-35, 2006 WL 3611431, at *1 (9th Cir. 2006)(upholding district court's dismissal of habeas petition because petitioner received only a "counseling chrono" and did not lose any sentencing credit"); Trinidad v. McGrath, 2002 WL 1226851, at *1 (N.D. Cal. June 4, 2002)(petitioner's challenge to allegedly false document regarding petitioner's gang affiliation that was placed in

his prison file could not support habeas relief because it implicated only conditions of confinement, not the fact or duration of confinement); Ontiveros v. Subia, 2009 WL 385786, at *2 (E.D. Cal. Feb. 9, 2009)(court lacks habeas jurisdiction because petitioner was challenging rules violation report that was reduced to a counseling chrono that did not result in loss of credits); Anaya v. Superior Court, 2007 WL 1054270, at *2 (E.D. Cal. April 4, 2007)(habeas jurisdiction is appropriate for attacking disciplinary findings as long as an expungement of the disciplinary finding is likely to accelerate the prisoner's eligibility for parole).

Given that habeas jurisdiction is absent when a petitioner's claim is based solely on the purported effects of a counseling chrono alleging actual minor wrongdoing, the argument for finding habeas jurisdiction based solely on an "informational" chrono alleging no wrongdoing, but merely expressing the author's opinions or observations, is even less justified.

Petitioner's reliance upon Drake v. Felker, 2007 WL 4404432, at *1 (E.D. Cal. Dec. 13, 2007), is misplaced. In that case, the district court held that the court had habeas jurisdiction over a petition whose claim challenged the legality of a disciplinary hearing finding Petitioner guilty of battery on a peace officer and resulting in three years' administrative segregation, but not any credit loss. Id. The Court reasoned that the "negative disciplinary finding, at least in California, unnecessarily affects potential eligibility for parole." Id. at *2. "A negative disciplinary finding is precisely the sort of evidence that would carry the day under the 'some evidence' standard applied to state parole denials....Thus, it seems clear to this Court that the finding in [Petitioner's] disciplinary file that he battered a peace officer will almost certainly come back to haunt him when the parole board reviews his suitability for parole." Id.

Although the district court in Drake went further than those in the previously cited cases holding finding a lack of habeas jurisdiction for claims based solely on counseling chronos, the instant case does even involve a counseling chrono: the only document Petitioner contests was an informational chrono that did not allege any wrongdoing on the part of Petitioner. In contrast to Drake, such a general chrono could not provide "some evidence" on which uphold the Board's

denial of parole. Accordingly, Drake is distinguishable.[2]

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS:

1. That Respondent's Motion to Dismiss the petition for writ of habeas corpus (Doc. 12), be GRANTED on the grounds of a lack of habeas corpus jurisdiction; and,

2. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 3, 2010**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court concludes that it lacks habeas jurisdiction to proceed, it need not address Respondent's alternative ground for dismissal, i.e., that Petitioner has failed to present a federal question.

8